**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DALE L. SPENCER,**

    **Plaintiff,**

  v.                                  **Civil Action 2:17-cv-218
Judge James L. Graham
Magistrate Judge Jolson**

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Dale L. Spencer, brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB"), a period of disability, and Supplemental Security Income ("SSI"). For the reasons that follow, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner's nondisability finding and **REMAND** this case to the Commissioner and Administrative Law Judge ("ALJ") under Sentence Four of § 405(g).

**I.    BACKGROUND**

    **A.  Procedural Background**

Plaintiff applied for DIB, a period of disability, and SSI on December 26, 2012, alleging disability beginning August 13, 2012, due to numerous physical and mental impairments. (Tr. 129–35). An Administrative Law Judge (the "ALJ") held a hearing (Tr. 598–631) after Plaintiff's application was denied initially (Tr. 84–86) and upon reconsideration (Tr. 92–93). On March 7, 2016, the ALJ denied benefits in a written decision. (Tr. 15–23). That decision became final when the Appeals Council denied review on January 19, 2017. (Tr. 7–9).

Plaintiff filed this case on March 15, 2017 (Doc. 1), and the Commissioner filed the administrative record manually on May 23, 2017 (Doc. 11). Plaintiff filed a Statement of Specific Errors on July 7, 2017 (Doc. 12), the Commissioner responded on August 14, 2017 (Doc. 13), and Plaintiff replied on August 28, 2017 (Doc. 14).

### B. Relevant Medical Records

The medical records relevant to Plaintiff's right foot problem show he had a diagnosis of hallux rigidus, associated pain, and an antalgic gait. (*See, e.g.*, Tr. 304–305, 485, 486, 503, 539, 568–69, 586). They likewise reflect that Plaintiff suffers a decreased range of motion due to his arthritic joint. (*Id.*). In 2015, Plaintiff underwent cheilectomy to address his hallux rigidus. (Tr. 462, 547). Plaintiff described "sitting around a lot" following the surgery because of the pain caused by putting weight on his right foot. (Tr. 509).

After considering only Plaintiff's spine disorders and not his right foot disorder of hallux rigidus, state agency consultant Gary Hinzman, M.D. opined on January 30, 2015, that Plaintiff could perform light work with limitations. (Tr. 58–66). State agency consultant Frank Stroebel, M.D. concurred with Dr. Hinzman's opinion on May 7, 2013, but also considered only Plaintiff's spine disorders and not his right foot disorder of hallux rigidus. (Tr. 68–76).

### C. Relevant Hearing Testimony

Plaintiff's counsel indicated that Plaintiff's "two major issues" are "low back problems" and "a problem with his right foot." (Tr. 600–601). Plaintiff indicated that the surgery on his right foot eased the pain but did not restore his mobility. (Tr. 626–27). Plaintiff testified that, on a normal day, he spends at most two to three hours on his feet, standing or walking. (Tr. 617). Plaintiff's activity includes doing housework, getting dressed, and grooming himself "in intervals" (Tr. 617, 621), watching football, and playing cards. (Tr. 618). He is able to do some

grocery shopping and, with difficulty, can lift a gallon of milk or a ten-pound bag of potatoes. (Tr. 624). Plaintiff can drive a car for a short period of time. (Tr. 625).

The Vocational Expert testified, *inter alia*, that an individual of Plaintiff's age, education, work experience limited to standing and walking a maximum of three hours in an eight-hour workday, lifting a maximum of ten pounds occasionally and five pounds frequently would be limited to sedentary work. (Tr. 629).

**D. The ALJ's Decision**

The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2017, and has not engaged in substantial gainful activity since August 13, 2012, the alleged onset date. (Tr. 17). The ALJ determined that Plaintiff's severe impairments consisted of back disorders and "a right foot disorder of acquired hallux rigidus," neither of which alone or in combination met or medically equaled the severity of a listed impairment. (Tr. 18). In terms of residual functional capacity ("RFC"), the ALJ found that Plaintiff is able "to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) meaning the claimant can lift, carry, push, and/or pull 20 pounds occasionally and 10 pounds frequently; stand, walk, and/or sit for 6 hours in an 8-hour workday; never climb ladders, ropes, or scaffolds; occasionally crouch, kneel, or crawl; and no exposure to moving machinery or unprotected heights." (*Id.*).

Specific to Plaintiff's right foot disorder, the ALJ found:

> [Plaintiff] testified at the hearing that he has had right foot pain since the Summer of 2010, and that the pain had been constant prior to his surgery in 2015 (Hearing Testimony). However, the record fully supports he has had right foot pain since 2015. Nevertheless, he has rated this pain as being 5-8 out of a possible 10, and reported that the pain interferes with his daily activities (Exhibits 12F and 15F). The record shows he was unable to perform toe ambulation during a physical examination on August 22, 2015 because of right foot pain. However, he could still perform heel ambulation (Exhibit 12F). Because the x-rays of the

3

> right foot taken on September 18, 2015 showed moderate osteoarthritis at the first MTP joint, but no acute osseous abnormality in the right foot, he was diagnosed with acquired hallux rigidus (Exhibit 15F). Thus, he underwent a cheilectomy of the first MTP joint on the right foot (Exhibit 15F). At the hearing in 2016, he admitted during his hearing testimony that while he still does not have the mobility in that foot, that [sic] most of the pain is gone (Hearing Testimony).

(Tr. 20–21). The ALJ stated generally that, although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, his statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely credible. (Tr. 21). The ALJ then assigned "more weight" to Dr. Hinzman and Dr. Stroebel and incorporated their limitations into the RFC, without acknowledging that they failed to consider Plaintiff's right foot impairment. (*Id.*).

The ALJ found that Plaintiff is unable to perform past relevant work and was 50 years old (an individual closely approaching advanced age) on the onset date. (*Id.*). Transferability of job skills was not material to the disability determination. (Tr. 22). Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.*). Based on the foregoing, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Tr. 23).

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)). The Commissioner's findings of fact must also be based upon the record as a whole. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). To that end, the Court must "take into

account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision. *Rhodes v. Comm'r of Soc. Sec.*, No. 2:13-cv-1147, 2015 WL 4881574, at *2 (S.D. Ohio Aug. 17, 2015).

## III. DISCUSSION

The issue for review in this case is narrow. Plaintiff raises one statement of error based on the alleged "internal inconsistency of the ALJ's decision." (Doc. 14 at 2). The Court agrees with Plaintiff that the ALJ's decision is not supported by substantial evidence.

The ALJ determined that Plaintiff suffers from back disorders and "a right foot disorder of acquired hallux rigidus." (Tr.18). The ALJ found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), meaning that Plaintiff can lift, push, and/or pull 20 pounds occasionally and 10 pounds frequently; stand, walk, or sit for 6 hours in an 8-hour workday; never climb ladders, ropes, or scaffolds; and occasionally crouch, kneel, or crawl. (*Id.*). The ALJ also indicated that Plaintiff must be prevented from exposure to moving machinery or unprotected heights. (*Id.*).

The ALJ's discussion of Plaintiff's foot disorder in formulating the RFC is difficult to follow. That discussion is as follows:

> In regards to the claimant's foot problems, he testified at the hearing that he has had right foot pain since the Summer of 2010, and that the pain had been constant prior to his surgery in 2015 (Hearing Testimony). However, the record fully supports he has had right foot pain since 2015. Nevertheless, he has rated this pain as being 5-8 out of a possible 10, and reported that the pain interferes with his daily activities (Exhibits 12F and 15F). The record shows he was unable to perform toe ambulation during a physical examination on August 22, 2015 because of right foot pain. However, he could still perform heel ambulation (Exhibit 12F). Because the x-rays of the right foot taken on September 18, 2015 showed moderate osteoarthritis at the first MTP joint, but no acute osseous abnormality in the right foot, he was diagnosed with acquired hallux rigidus (Exhibit 15F). Thus, he underwent a cheilectomy of the first MTP joint on the right foot (Exhibit 15F). At the hearing in 2016, he admitted during his hearing testimony that while he still does not have the mobility in that foot, that [sic] most

> of the pain is gone (Hearing Testimony).
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.
>
> As for the opinion evidence, at the initial level, State Agency medical consultant, Gary Hinzman, M.D., opined that the claimant has the residual functional capacity to perform light work with postural and environmental limitations (1/30/2013, Exhibit 2A). At the reconsideration level, another state agency medical consultant, Frank Stroebel, M.D., affirmed Dr. Hinzman's opinion (5/7/2013, Exhibit 4A). The undersigned assigns more weight to these opinions. They have specialized knowledge in evaluating physical impairments and the listings under the SSA standards for disability. Also, their opinions are consistent with the record as a whole and are not contradicted by any treating source. For these reasons, the undersigned has incorporated these limitations into the assessment of the claimant's residual functional capacity.

(Tr. 20–21).

Plaintiff criticizes the ALJ's "deployment of unexpected conjunctions" and the "ominous-seeming modifiers," but notes that the ALJ did not dispute his testimony concerning the intensity of his pain and its impact on his daily functions. (*See* Doc. 12 at 8–9 (stating that "the ALJ identified that 'the record' supported [Plaintiff's] allegations of pain")). According to Plaintiff, "the ALJ's error was two-fold." (*Id*. at 9).

First, Plaintiff claims the ALJ erred in his finding concerning the intensity, persistence, and limiting effects of the symptoms caused by Plaintiff's foot impairment because the ALJ "acknowledged a clinical basis for pain, a need for surgery, and he never contradicted the continued mobility determinations." (*Id*. at 9–10). Second, Plaintiff states that because the ALJ adopted his foot disorder as a severe impairment and acknowledged "its clinical significance, the ALJ erred by adopting the state agency determinations because [they] limited [Plaintiff] to the light level of exertion but made no accounting for the foot disorder." (*Id*. at 10; *see also* Doc. 14

at 3 ("What is surprising here is the fact that the ALJ could find additional severe impairments, and have a less restrictive residual functional capacity than opined by the state agency—who only considered a single impairment severe.")). At base, Plaintiff argues that there is an internal inconsistency in the ALJ's decision because the RFC "conflicts with the rationale used by the ALJ throughout the decision." (Doc. 14 at 2–3). Plaintiff also argues there is a lack of substantial evidence because a "subsequent reviewer is not able to understand how the ALJ reached his decision…." (*Id.*).

Defendant rationalizes the ALJ's decision by, *inter alia*, repeatedly pointing to a purported lack of evidence. (Doc. 13 at 6 (arguing that Plaintiff fails to "cite any medical source that supports the need for restrictions as a result of his foot impairment"); *id.* at 7 ("The ALJ could rely on the state agency physicians' opinions in finding that Plaintiff could work with some limitations, especially in light of the fact that Plaintiff points to no other medical source opinions that should have been given more weight."); *id.* at 9 ("[T]he ALJ considered the record evidence as a whole, including that there were no medical source statements that indicated that Plaintiff suffered from debilitating limitations."); *id.* ("Plaintiff has not demonstrated any symptoms unique to his foot impairment that would create additional limitations on his ability to work.")). But the ALJ didn't cite lack of evidence as the basis for his decision that Plaintiff retains the ability to perform light work. Indeed, the ALJ found the evidence sufficient to categorize Plaintiff's foot impairment as severe.

While this Court does not quest for a "perfect opinion," *Cobb v. Comm'r of Soc. Sec.*, No. 1:14-cv-842, 2015 WL 4029724, at *7 (W.D. Mich. July 1, 2015), the ALJ's opinion is inconsistent and confusing. Specifically, the ALJ's acknowledgement that Plaintiff lacks mobility in his foot due to his severe foot impairment is inconsistent with the RFC the ALJ

ultimately adopted. As noted, the ALJ found that Plaintiff is able "to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) meaning the claimant can lift, carry, push, and/or pull 20 pounds occasionally and 10 pounds frequently; stand, walk, and/or sit for 6 hours in an 8-hour workday; never climb ladders, ropes, or scaffolds; occasionally crouch, kneel, or crawl; and no exposure to moving machinery or unprotected heights." (Tr. 18). Further, the ALJ's reliance on the state agency consultants' opinions does not clarify the matter because those physicians did not consider Plaintiff's foot impairment.

In sum, the internal inconsistencies in the ALJ's RFC decision render it unsupported by substantial evidence. *See Easterday v. Comm'r of Soc. Sec.*, No. 15-13300, 2016 WL 5422101, at *9 (E.D. Mich. Aug. 19, 2016) (recommending remand based on internal inconsistencies in ALJ's opinion and his failure to explain the RFC clearly); *Phillips v. Comm'r of Soc. Sec.*, No. 4:11-cv-1952, 2013 WL 393023, at *5 (N.D. Ohio Jan. 30, 2013) (remanding for lack of substantial evidence where ALJ's opinion is "both confusing and conclusory"); *Burgess v. Astrue*, No. 3:09-cv-461, 2011 WL 798119, at *5 (S.D. Ohio Mar. 1, 2011) (remanding where "the ALJ's statement is confusing and does not illuminate his rationale for devising a different lifting restriction").

Finally, the ALJ's error is not harmless because it could lead to a different result. *See Cobb*, 2015 WL 4029724, at *7 (citing *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989)). As Plaintiff explains, an individual with his age, education, and past work who is "limited to the sedentary range of exertional where past skills would not be transferable, would be found disabled under medical vocational rule 201.14." (Doc. 12 at 12 (citing 20 C.F.R. Part 404, Supart P, App'x 2, Table 1)).

## IV. CONCLUSION

For the reasons stated, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner's nondisability finding and **REMAND** this case to the Commissioner and Administrative Law Judge ("ALJ") under Sentence Four of § 405(g).

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

IT IS SO ORDERED.


Date: October 31, 2017                    /s/ Kimberly A. Jolson
                                          KIMBERLY A. JOLSON
                                          UNITED STATES MAGISTRATE JUDGE